IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGITA GERGELOVA, et al., | No. C 09-05020 SI |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY** |
| v. | |
| AIRBUS S.A.S., et al., | |
| Defendants. | |

  Plaintiffs and defendants in this action have filed a joint motion to stay these proceedings until the Judicial Panel on Multidistrict Litigation ("MDL Panel") rules on defendants' motion to consolidate pretrial proceedings in this action with several related actions filed around the country. The MDL Panel was scheduled to hear oral argument on the motion to consolidate on March 25, 2010. Upcoming proceedings in the present case include a Case Management Conference set for April 16, 2010, as well as briefing on third-party defendant Société Air France's ("Air France") motion to dismiss the third-party complaints filed against it by several of the defendants/third-party plaintiffs in this case.

  The only party that has opposed the stay motion is Air France. Air France does not oppose the request to stay the April 16, 2010 conference or any other pending proceedings, but opposes a stay of the briefing schedule for its motion to dismiss the third-party complaints. Air France takes issue with the third-party plaintiffs' argument that briefing the motion to dismiss will waste resources, noting that the third-party plaintiffs stipulated to a briefing schedule on a "virtually identical" motion to dismiss in one of the related actions, *Hemme v. Airbus S.A.S.*, No. 09-7239 (N.D. Ill.), whereby the third-party plaintiffs will file their opposition by April 21, 2010 and Air France will file its reply by May 12, 2010. Air France also contends that it will be prejudiced if the briefing on its motion to dismiss is stayed

because the third-party plaintiffs' "untrue and damaging assertions" will be permitted to "stand indefinitely on a public docket available to anyone with a computer."

To this, the third-party plaintiffs respond that the stipulation in *Hemme* also included a provision allowing Air France an extension of time to respond to the third-party complaints filed in this case in order to "eliminate[] the need for Air France to file a duplicative Motion to Dismiss in this case while the MDL Motion was pending," but that Air France filed its motion to dismiss in this case nonetheless. The third-party plaintiffs also note that they sought a stipulation permitting them to extend the deadline for filing their third-party complaints until after the MDL Panel had ruled, but Air France refused to agree to such an extension.

In light of the foregoing, the Court concludes that the most prudent course of action is to stay all proceedings in this action until the MDL Panel has ruled on the motion for consolidation. The Court agrees with plaintiffs and defendants that a brief stay of proceedings will serve the interests of judicial economy and preservation of resources. Air France's contention that it will be prejudiced by a stay in the briefing on its motion to dismiss is unconvincing; the stay will likely be brief, and Air France does not explain how setting a schedule for briefing its motion to dismiss for lack of subject-matter jurisdiction will have any impact on its reputation.

The Court therefore GRANTS the joint motion to stay. The parties are directed to inform the Court within five days of the MDL Panel's ruling and may move to lift the stay and set a briefing schedule on Air France's motion to dismiss if appropriate at that time.

**IT IS SO ORDERED.**

Dated: April 6, 2010

SUSAN ILLSTON
United States District Judge